UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFERSON PARISH HOSPITAL SERVICES<br>DISTRICT NO. 2, PARISH OF JEFFERSON,<br>STATE OF LOUISIANA, d/b/a EAST JEFFERSON<br>GENERAL HOSPITAL | CIVIL ACTION |
| versus | No. 06-1088 |
| WESTERN & SOUTHERN FINANCIAL GROUP | SECTION I/4 |

### ORDER AND REASONS

Before the Court is the motion of plaintiff, Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana, d/b/a East Jefferson General Hospital ("East Jefferson Hospital"), to remand this case to state court.[1]  For the following reasons, plaintiff's motion is **DENIED**.

Plaintiff filed a complaint against defendant, Western & Southern Financial Group ("Western-Southern"), to recover payment for medical services provided to patient Jamie Robichaux.  Plaintiff contends that Western-Southern confirmed Robichaux's benefits and authorized medical services and treatment.  Plaintiff further contends that it relied on this confirmation and authorization to its detriment, providing $60,792.25 in services to Robichaux

---

[1] Rec. Doc. No. 5.

1

and receiving only $42,474.78 in payment.  On February 6, 2006, East Jefferson Hospital filed a claim against defendant in the 24th Judicial District Court for the Parish of Jefferson.[2]  On March 3, 2006, Western-Southern removed the case to this Court,[3] and on March 17, 2006, plaintiff filed the instant motion to remand.[4]

In its motion to remand, plaintiff claims "Western & Southern Financial Group removed this lawsuit to federal district court based upon federal question jurisdiction, alleging that the Court had subject matter jurisdiction based upon the existence of a dispute concerning an employee benefit plan regulated under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001-1461."  Plaintiff's motion argues that because ERISA does not preempt plaintiff's state law claims, this Court does not have jurisdiction over the case.  Plaintiff also suggests that, considering the clear jurisprudence in this Circuit regarding this preemption, sanctions may be warranted against defendant for its improper removal.[5]

The Court has scoured defendant's removal petition for the assertion of federal question jurisdiction with which plaintiff finds fault.  As defendant notes in its opposition,[6] however, Western-Southern's removal petition asserts only that the diversity of the parties is a basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff offers no argument contesting diversity jurisdiction, and the Court independently finds that defendant's allegations as to the

---

[2]Rec. Doc. No. 1, p. 8.

[3]Rec. Doc. No. 1, p. 2.

[4]Rec. Doc. No. 5.

[5]Rec. Doc. No. 5, p. 6.

[6]Rec. Doc. No. 6.

citizenship of the parties and the amount in controversy fulfill the requirements of § 1332.

Considering the facts before the Court at this time, jurisdiction appears sound.

Accordingly,

**IT IS ORDERED** that the motion to remand[7] filed by defendant, East Jefferson Hospital, is **DENIED**.

New Orleans, Louisiana, May __16th__, 2006.

_____
        **LANCE M. AFRICK**
   **UNITED STATES DISTRICT JUDGE**

---

[7]Rec. Doc. No. 5.